UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINCY B. JONES, | : |
| Petitioner | : CIVIL ACTION NO. 3:19-2165 |
| v. | : (JUDGE MANNION) |
| WARDEN, GENE BEASLEY, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner, Quincy B. Jones ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his conviction and sentence entered in the United States District Court for the Middle District of Alabama. (Doc. 1). Following an order to show cause, (Doc. 12) Respondent filed a response on March 20, 2020. (Doc. 13). Although afforded an opportunity to reply, Petitioner neither filed a traverse, nor requested an enlargement of time within which to do so. Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

**I.    Background**

On August 30, 2012, an indictment was filed in the United States

District Court for the Middle District of Alabama, Northern Division, charging Jones with one count of Racketeering – Murder(1), in violation of 18 U.S.C. §1958(a). (Doc. 13-1 at 2, criminal docket, United States v. Jones, No. 2:12-cr-156 (M.D. Al. Aug. 30, 2012).

On September 6, 2012, Jones pled guilty to the use of interstate commerce facilities in the commission of a murder for hire. Id.

On November 1, 2012, the Middle District of Alabama sentenced Jones to 120 months' imprisonment, after granting the government's motion for reduction in criminal offense level for acceptance of responsibility. Id. That sentence was to run concurrently with the term of 200 months imposed in Petitioner's other case involving drug charges, 1:11-cr-004-06-WKW. Id.

On October 29, 2013, Jones filed a motion to vacate, pursuant to 28 U.S.C. §2255 motion. Jones v. United States of America, No. 2:13-cv-803 (M.D. Al. Dec. 10, 2015). By Order dated December 10, 2015, Jones' 2255 motion was denied with prejudice. Id.

On April 23, 2019, Jones filed a successive § 2255 motion in the Middle District of Alabama. Jones v. United States of America, No. 2:19-cv-289 (M.D. Al. May 28, 2019). By Order dated May 28, 2019, Petitioner's 2255 motion was denied for his failure to secure leave from the Eleventh Circuit. Id. On June 4, 2019, the Eleventh Circuit denied Jones leave to file a second

or successive petition. Id.

On November 12, 2019, Jones filed the instant petition for writ of habeas. (Doc. 1). Citing to Rosales-Mireles v. United States, 138 S.Ct. 1897 (2018), Petitioner challenges the validity of his federal sentence, stating that the Middle District of Alabama used the wrong guidelines range because his pre-sentence report improperly treated three of his former felonies as unrelated, assigning history points for each, and it also improperly assigned points for a juvenile adjudication. (Doc. 2). He further argues pursuant to United States v. Davis, 139 S.Ct. 2319 (2019), that the statutory basis for his murder-for-hire conviction has been abrogated. Id.

## II. Discussion

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. §2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to §2255 in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed

- 3 -

in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. §2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." See In re Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting United States ex rel. Leguillou v. Davis,

212 F.3d 681, 684 (3d Cir. 1954)). Specifically, the United States Court of Appeals for the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997). This "safety-valve" clause is to be strictly construed. See Dorsainvil, 119 F.3d at 251; see also Russell, 325 F. App'x at 47 (noting that the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law"). A habeas petitioner bears the burden of demonstrating inadequacy or ineffectiveness. See Dorsainvil, 119 F.3d at 251-52. "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (providing that prior unsuccessful §2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); Litterio, 369 F.2d at 396. "It

is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. See Galante, 437 F.2d at 1165.

As the Third Circuit recognized in Dorsainvil, a federal prisoner can pursue relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. See Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000), claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. See United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." See Adderly v. Zickefoose, 459 F. App'x 73, 75 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("[Section] 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges the sentencing guideline range that was applied by the Middle District of Alabama. But, as discussed above, these types of challenges are not permitted via §2241 in the Third Circuit. In any event, the Supreme Court established a framework for making them—via direct appeal or §2255 motion—back in 1993, and yet Jones did not do so in his initial §2255 motion, filed in 2013. Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904, 1906 (2018) (citing United States v. Olano, 507 U.S. 725 (1993), and proceeding to reverse the Fifth Circuit's misapplication of a prong enumerated in that case).

Next, he argues that his murder-for-hire conviction, under 18 USC §1958(a), was invalidated by United States v. Davis, 139 S. Ct. 2319 (2019), a case that dealt exclusively with 18 USC §924(c), use of a firearm in connection with other federal crimes; a crime for which Petitioner was not even convicted.

Petitioner, however, has not met his burden of demonstrating that a motion under §2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. As noted above, sentencing claims "[do] not fall within the purview of the savings clause." See Adderly,

459 F. App'x at 75. Therefore, Petitioner may not rely upon §2241 to raise such claims. See Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in §2255 motions."); see also Kenney, 391 F. App'x at 172; Okereke, 307 F.3d at 120-21. Thus, Jones fails to demonstrate that his claim falls within the Dorsainvil exception. Consequently, the instant petition will be dismissed for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 11, 2020**
19-2165-01